UNITED STATES of America, Plaintiff,

v.

Kathaline OXNER, As Guardian of Charlotte S. Oxner, a Minor, Defendant.

No. PB 63 C 39.

United States District Court
E. D. Arkansas,
Pine Bluff Division.
Feb. 20, 1964.

James W. Gallman, Asst. U. S. Atty., for plaintiff.

W. H. Howard, McGehee, for defendant.

YOUNG, District Judge.

Plaintiff has brought this action pursuant to 28 U.S.C.A. § 1345 (1959) and alleges that defendant is indebted to the plaintiff by reason of payments made to defendant by the Veterans Administration from April 18, 1958 to January 31, 1961, on behalf of defendant's minor ward, which payments the ward was not entitled to receive since the minor ward's income exceeded the statutory limitations during this period. Defendant has denied any indebtedness and affirmatively states that if there was an overpayment made as alleged it has been waived since the overpayment, if any, was without fault on the part of the defendant, and recovery would impose an undue hardship and would be unfair under the circumstances.

The relevant statute, 38 U.S.C.A. § 3102 (1959), provides as follows:

"(a) There shall be no recovery of payments or overpayments of any benefits (except servicemen's indemnity) under any of the laws administered by the Veterans' Administration from any person who, in the judgment of the Administrator, is without fault on his part, and where, in the judgment of the Administrator, such recovery would defeat the purpose of benefits otherwise authorized or would be against equity and good conscience."

■■ In the instant case, the Administrator determined that there had been an overpayment made to the defendant on behalf of the ward since the ward had received excessive income during the period in question, and further determined that recovery of the overpayment would not inflict any hardship, nor would it be against equity and good conscience. An opportunity was given to defendant to submit evidence that collection of the overpayment would be against equity and good conscience and thus should be waived. However, defendant did not avail herself of this opportunity and, accordingly, the Veterans Administration Committee on Waivers held that recovery of the overpayment would not be waived. Such a decision is final and is not reviewable by this Court. See United States v. Rohde, 189 F.Supp. 842 (W.D.S.D.1960), construing 38 U.S.C.A. § 211(a) (1954). Even if a final decision by the Administration was subject to review, defendant failed to exhaust its administrative remedy.

Defendant relies on the case of Prezioso v. Fleming, 180 F.Supp. 784 (E.D. N.Y.1960), in which the court there construed Section 404 of the Social Security Act dealing with overpayments and underpayments. In Prezioso, the court held that the Secretary had no jurisdiction to proceed administratively against a minor whose father had received an overpayment of social security benefits on the minor's behalf, and, further, that there was no "substantial evidence" to support a finding that the minor's father ever paid the funds in question over to the minor against whom the Government claimed an overpayment. Defendant seeks to apply the Prezioso rationale to the instant case and argues

**60**

that since defendant as guardian received none of the benefits of the payments, nor did defendant even have possession of the funds at the time the instant action was instituted, defendant cannot now be held accountable.

Clearly, Prezioso is not applicable to the case at bar since the instant action is brought pursuant to the statute pertaining to veterans' benefits under the Veterans Administration. Under the appropriate Social Security statute, 42 U.S. C.A. § 404 (1957), the Government is not entitled to recover any overpayments of social security benefits where the recipient is without fault and recovery would be against equity and good conscience. Any determination as to the recovery of overpayments by the Social Security Administration is subject to review by the Court. See, e. g., Gettinger v. Celebrezze, 218 F.Supp. 161 (S.D.N.Y.1963). However, under the comparable Veterans' Benefits statute, 38 U.S.C.A. § 3102, supra, any determination by the Veterans Administration is final and not subject to review by this Court, as already pointed out.

Defendant strongly argues that recovery against defendant, as guardian, would be against "equity and good conscience". However, this argument completely ignores the following statute, 31 U.S.C.A. § 192 (1954):

*"Liability of Fiduciaries.* Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid."

In United States v. Pate, 47 F.Supp. 965 (W.D.Ark.1942), an action was brought by the Government against an administrator of the estate of Meadors, deceased, alleging that the administrator was personally liable for a debt due the Government by the deceased evidenced by a promissory note. The Government had filed a claim based on the debt in the probate proceedings of the estate, but the debt was not satisfied by the administrator from the assets of the estate. The Court denied any relief since the Government had been a party to the probate proceeding but had not appealed the action of the administrator. Judge Lemley, in construing 31 U.S.C.A. § 192, supra, concluded as follows:

" * * * Had the Government seen fit to do so, it could have held aloof from said proceedings and given the administrator notice of its claim, and then he, at his peril, would have been bound to see that the priority rights of the Government were fully protected. (citations omitted) * * * "

In the case at bar, the Government was not a party to the guardianship proceedings in state court whereby the estate of defendant's ward was administered. Defendant, as guardian, had notice of the Government's claim for overpayment and, therefore, under Section 192 of Title 31 U.S.C.A., when defendant made payment to the ward, she did so at her peril and became personally liable for the overpayment.

Judgment should be entered in favor of the plaintiff against defendant for the amount sued for in the complaint.