UNITED STATES of America

v.

Richard Wayne KIRBY.

Civ. A. No. C80–2045.

United States District Court,
N. D. Georgia,
Atlanta Division.

Aug. 31, 1981.

Myles E. Eastwood, Asst. U. S. Atty.,
Atlanta, Ga., for plaintiff.

Richard R. Kirby, Kirby & Williams, P.
C., Decatur, Ga., for defendant.

ORDER

ORINDA D. EVANS, District Judge.

In this action the United States seeks reimbursement for alleged overpayments of educational benefits made by the Veterans Administration to Defendant. The case is now before the Court on cross Motions for Summary Judgment.

The Court finds the following material facts to be undisputed: Defendant was a student at DeKalb Community College, South Campus, during the Winter Quarter of 1974. Defendant failed to complete any course during the Winter Quarter. Defendant received $855.87 in educational assistance from the Veterans Administration during the Winter Quarter of 1974 and the period immediately thereafter.[1] Defendant has received a demand letter from the Veterans Administration regarding this amount. This letter informed Defendant of his right to apply for a waiver of indebtedness from the Veterans Administration. Defendant never applied for such a waiver.

On the basis of these undisputed facts, the United States moves for summary judgment on the basis of 38 U.S.C. § 1780(e). This statute provides:

> If an eligible veteran ... fails to enroll in or pursue a course for which an educational assistance ... payment is made, the amount of such payment ... shall become an overpayment and shall constitute a liability of such veteran to the United States and may be recovered, un-

---

1. Defendant does not admit that $855.87 is the correct figure; he states instead that he "is unsure as to the amount of educational assistance he received during the winter quarter of 1974." Defendant's Statement of Material Facts at ¶ 4. Defendant has presented no evidence disputing this figure or suggesting any other figure. Furthermore, it is undisputed that Defendant took no action to dispute this figure when he received a demand letter from the Veterans Administration for this amount. The Court finds the figure of $855.87 to be undisputed.

less waived pursuant to section 3102 of this Title, . . . in the same manner as any other debt due the United States.

Defendant argues that his failure to complete the Winter Quarter of 1974 resulted from an illness, and was therefore "involuntary." Because he never formally withdrew from his courses, Defendant contends that he is not indebted to the United States within the meaning of 38 U.S.C. § 1780(e), and he, too, moves for summary judgment.

■ The statute under which the United States seeks reimbursement, 38 U.S.C. § 1780(e), operates to ensure the repayment of erroneously paid veterans benefits regardless of whether the overpayment resulted from some fault on the part of the veteran. Furthermore, 38 U.S.C. § 1780(a), added in 1980,[2] provides that:

> Payments shall be paid only for the period of such veteran's . . . enrollment . . . , but no payment shall be paid—
>
>    \*    \*    \*    \*    \*    \*
>
> (4) to any eligible veteran or person for a course for which the grade assigned is not used in computing the requirements for graduation including a course from which the student withdraws unless the Administrator finds there are mitigating circumstances.

Therefore the reason for Defendant's failure to complete the Winter Quarter is irrelevant to his liability to the United States.

■ Section 1780(e) permits the veteran to apply for a waiver of liability under 38 U.S.C. § 3102. The Veterans Administration informed Defendant of his right to seek a waiver in their demand letter, but Defendant never did so. This Court would be without jurisdiction to review a denial of such a waiver. 38 U.S.C. § 211(a); *United States v. Oxner*, 229 F.Supp. 58 (E.D.Ark. 1964). Defendant cannot be permitted to sidestep the procedure provided by Con-

gress by asking this Court to make an initial determination of a matter that it does not have the jurisdiction to review.

Defendant's Motion for Summary Judgment is DENIED. Plaintiff's Motion for Summary Judgment is GRANTED.

---

2. Although Defendant has not raised this point, the Court notes that the 1980 amendment that added 38 U.S.C. § 1780(a) became effective after the benefits at issue here were paid to Defendant, but before the filing of this action. Section 1780(a) is not necessary to the Court's decision, however, because the Court would

grant judgment for the United States on the basis of § 1780(e) alone, as other judges in this district have done in *United States v. Butler*, No. C79–2164A (N.D.Ga., Sept. 15, 1980) and *United States v. Billingsley*, No. C80–25R (N.D. Ga., Apr. 24, 1981).