**UNITED STATES of America**

v.

**Meredith RAMSEY.**

**No. Civ. 3–82–58.**

United States District Court, E. D. Tennessee, N. D.

May 17, 1982.

**90.** *See Atlas Roofing Co. v. OSHA, supra*, 430 U.S. at 450 n.7, 97 S.Ct. at 1266 n.7.

Mary Anne Reese, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

James M. Moore, Jr., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

The United States brought this action to recover Veterans' Administration educational benefit overpayments in the amount of $1,950.07. Plaintiff has moved for judgment on the pleadings on the grounds that the decision of the Administrator of Veterans Affairs is not subject to judicial review and further that defendant has failed to exhaust his administrative remedies.

Defendant received educational benefits while he attended Draughon's Business College and Knoxville Business College at various times from September, 1972 through December, 1975. Plaintiff contends that defendant withdrew from courses at Draughon's Business College on May 1, 1973 and

on March 22, 1974, and that defendant should have been academically dismissed from Knoxville Business College on December 12, 1975. The Veterans' Administration originally determined that defendant's indebtedness was $2,267.14. Defendant requested a waiver of indebtedness, which was granted on July 26, 1977 to the extent that $317.07 was waived. Defendant was advised that he owed $1,950.07, and that he had one year to appeal to the Veterans' Administration Board of Appeals. Defendant did not exercise his right to appeal.

Defendant denies liability and contends that this court should grant him a trial on the merits. We disagree and grant plaintiff's motion for judgment on the pleadings.

This suit is brought pursuant to 38 U.S.C. § 1780(e), which provides that

If an eligible veteran or eligible person fails to enroll in or pursue a course for which an educational assistance or subsistence allowance advance payment is made, the amount of such payment and any amount of subsequent payments which, in whole or in part, are due to erroneous information required to be furnished under subsection (d)(2) of this section, shall become an overpayment and shall constitute a liability of such veteran or person to the United States and may be recovered, unless waived pursuant to section 3102 of this title, from any benefit otherwise due such veteran or person under any law administered by the Veterans' Administration or may be recovered in the same manner as any other debt due the United States.

Judicial review is precluded by 38 U.S.C. § 211(a);

On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review

**1064**

any such decision by an action in the nature of mandamus or otherwise.

This section was amended in 1970 to "restore vitality to ... the no review clause." *Johnson v. Robison,* 415 U.S. 361, 373, 94 S.Ct. 1160, 1168, 39 L.Ed.2d 389 (1974). In *Johnson,* the Court pointed out that the no review clause does not bar actions challenging the constitutionality of laws providing benefits for veterans. Id. In the present case defendant does not challenge the constitutionality of § 1780(e). Judicial review is thus barred. Our holding that § 211(a) bars review of cases of this kind is consistent with cases decided by the Sixth Circuit Court of Appeals. *See United States v. Mroch,* 88 F.2d 888 (6th Cir. 1937); *Holley v. United States,* 352 F.Supp. 175 (S.D.Ohio, 1972), *aff'd* 477 F.2d 600 (6th Cir. 1973), *cert. denied* 414 U.S. 1023, 94 S.Ct. 446, 38 L.Ed.2d 314 (1973). Plaintiff relies on *Di-Silvestro v. United States,* 405 F.2d 150 (2nd Cir. 1968), *cert. denied* 396 U.S. 964, 90 S.Ct. 441, 24 L.Ed.2d 429 (1969), and *DeMagno v. United States,* 636 F.2d 714 (D.C.Cir.1980). These cases are inconsistent with *Mroch,* which is still the law of this Circuit.

Furthermore, defendant failed to appeal the denial of his waiver request. This failure to exhaust his administrative remedy also bars judicial consideration of the merits of defendant's case. *United States v. Oxner,* 229 F.Supp. 58 (E.D.Ark. 1964).

For the reasons stated, it is ORDERED that plaintiff's motion for judgment on the pleadings be, and the same hereby is, granted. It is further ORDERED that judgment enter in favor of the United States and against defendant in the amount of $1,950.07.

Order Accordingly.