**Freda GREENWOOD and Peggy O'Leary, Individually and as Representatives of the Estate of William Greenwood, Deceased, Plaintiffs–Appellees,**

v.

**UNITED STATES of America, Defendant–Appellant.**

**No. 88–5522**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 27, 1988.

John F. Paniszczyn, Asst. U.S. Atty., Helen Eversberg, U.S. Atty., San Antonio, Tex., for defendant-appellant.

Jeffrey C. Anderson, San Antonio, Tex., for plaintiffs-appellees.

'Before CLARK, Chief Judge, JOHNSON and JOLLY, Circuit Judges.

CLARK, Chief Judge:

This case concerns the method by which the United States may set-off death benefits payable to the widow of a veteran against a judgment under the Federal Tort Claims Act for negligently causing the veteran's death. We affirm the district court's decision limiting the government to withholding future payments pursuant to 38 U.S.C. § 410(b)(2).

I.

Colonel William Greenwood served in the United States Armed Forces for over 25 years. He served in World War II as a private. He retired a full colonel in the United States Air Force in 1970.

Colonel Greenwood retired with a disability rating of approximately 90%; about 80% of his disability was related to a service-connected heart disease. Accordingly, the Veterans Administration awarded benefits to Colonel Greenwood.

In 1984, Colonel Greenwood underwent triple coronary artery bypass surgery at the Audie Murphy Veterans Administration Hospital. He did not survive the surgery. While attempting to perform a redo-sternotomy in order to expose the heart, the surgeon cut into the right ventricle of the heart with the sternal saw. He then completely severed the thoracic aorta with the same saw. Colonel Greenwood died on the operating table.

Freda Greenwood, Colonel Greenwood's wife of 45 years, and a representative of the estate brought an action under the Federal Tort Claims Act. After a nonjury trial, the district court found that the employees of the Veterans Administration Hospital "failed to exercise that degree of skill and care ordinarily employed by other practitioners in the field." The court awarded Freda Greenwood $83,061.08 for her economic loss and $250,000 for her grief and anguish. The United States was also directed to pay all costs of court. The district court set-off $27,590 from the award of economic damages because of past payments made to Freda Greenwood by the Veterans Administration following her husband's death. The United States now seeks to set-off an additional $122,257 in expected future Veterans Administration benefits, totally negating the district court's economic loss award. Although admitting that she is not entitled to both Veterans Administration payments and the economic loss award, Freda Greenwood would prefer that her future benefits be cut off, so she can keep the economic award. The district court's award for Freda Greenwood's grief and anguish is not an issue.

We affirm the judgment of the district court which refused the set-off. The Veterans Administration should be directed to stop payment of future Veterans Administration benefits to Freda Greenwood until the sum of $83,061.08 has been recovered.

II.

The case is controlled by 38 U.S.C. § 410 which provides as follows:

(a) When any veteran dies after December 31, 1956, from a service-connected or compensable disability, the Administrator shall pay dependency and indemnity compensation to such veteran's surviving spouse, children, and parents. The standards and criteria for determining whether or not a disability is service-connected shall be those applicable under chapter 11 of this title.

(b)(1) Notwithstanding the provisions of subsection (a) of this section, when any veteran dies, not as the result of the veteran's own willful misconduct, if the veteran was in receipt of or entitled to receive (or but for the receipt of retired or retirement pay was entitled to receive) compensation at the time of death for a service-connected disability that either (A) was continuously rated totally disabling for a period of ten or more years immediately preceding death, or (B) if so rated for a lesser period, was so rated continuously for a period of not less than five years from the date of such veteran's discharge or other release from ac-

tive duty, the Administrator shall pay benefits under this chapter to the veteran's surviving spouse, if such surviving spouse was married to such veteran for not less than two years immediately preceding such veteran's death, and to such veteran's children, in the same manner as if the veteran's death were service connected.

(2) If a surviving spouse or a child receives any money or property of value pursuant to an award in a judicial proceeding based upon, or a settlement or compromise of, any cause of action for damages *for the death of a veteran described in paragraph (1) of this subsection,* benefits under this chapter payable to such surviving spouse or child by virtue of this subsection shall not be paid for any month following a month in which any such money or property is received until such time as the total amount of such benefits that would otherwise have been payable equals the total of the amount of the money received and the fair market value of the property received. (emphasis supplied).

### III.

■ Upon Colonel Greenwood's death, the Veterans Administration awarded Freda Greenwood death benefits under 38 U.S.C. § 410(a). At that time, the Veterans Administration determined that death was caused by Colonel Greenwood's service-related disability. The district court's judgment necessarily conflicts with that conclusion. The United States, however, argues that the Veterans Administration's ruling is unreviewable and that, because the Veterans Administration determined that Colonel Greenwood's death was service related, the benefits awarded to Freda Greenwood cannot be suspended. Therefore, the government argues that the present value of the expected benefits must be set-off from the judgment.

Death benefits can be awarded by the Veterans Administration under either of two provisions: 38 U.S.C. § 410(a) or § 410(b)(1). Benefits may be awarded under section 410(a) if a veteran dies from a

service-connected disability. Under section 410(b)(1), benefits may be awarded if a veteran dies, not as the result of a service-connected disability, but at a time when the veteran was receiving benefits for a service-connected disability. *See* 38 U.S.C. § 410(b)(1) *supra.* The United States confers these benefits to the surviving spouse or children of the veteran to compensate for their economic loss caused by the veteran's death. The benefits, therefore, serve the same purpose as an award for economic damages in a judicial proceeding under the Federal Torts Claims Act. The government is not required to pay twice for the same detriment. *Brooks v. United States,* 337 U.S. 49, 53–54, 69 S.Ct. 918, 920–21, 93 L.Ed. 1200 (1949).

Congress provided for this contingency by statute in section 410(b)(2) of Title 38. That section allows the Veterans Administration to stop paying death benefits "until such time as the total amount of such benefits that would otherwise have been payable equals the total of the amount of the money received...." 38 U.S.C. § 410(b)(2). Before this section was adopted by the Congress, the Veterans Administration had no authority to stop payments, and set-offs had to be made to protect against double recovery. This involved a cumbersome and inaccurate determination of the present value of the benefits expected to be distributed to a surviving spouse, based upon that spouse's life expectancy.

The United States argues that section 410(b)(2) applies only to benefits payable pursuant to section 410(b)(1), not those payable pursuant to section 410(a). Therefore, it argues, because the Veterans Administration decided that Colonel Greenwood died as a result of his service-related disability, Freda Greenwood receives death benefits under section 410(a), and the government's right to a set-off must be made against the judgment. There is no statutory authority for the Veterans Administration to stop paying benefits made pursuant to section 410(a). The district court rejected this analysis and found no distinction between 410(a) and 410(b)(1)

benefits. This conclusion by the district court ignores the clear wording of the statute.

The statutory provision permitting the Veterans Administration to stop paying death benefits following a judicial award against the United States for the same damages expressly applies only to benefits awarded under section 410(b)(1). *See* 38 U.S.C. § 410(b)(2), *supra.* Therefore, if the benefits awarded to Freda Greenwood are classified as 410(a) benefits, set-off of the present value of those benefits must be made against the judgment. The government argues that the Veterans Administration's determination that Colonel Greenwood died as a result of his service-related disability makes this determination and is unreviewable by this court. We disagree.

## IV.

■ Decisions of the Veterans Administration concerning awards of benefits are final and are not directly reviewable by the courts. 38 U.S.C. § 211(a). This court has held that a denial of benefits by the Veterans Administration is not subject to judicial review. *Anderson v. Veterans Administration,* 559 F.2d 935, 936 (5th Cir.1977). However, courts are not prevented from indirectly reviewing some decisions of the Veterans Administration. The Supreme Court has recognized two exceptions to the general rule of no review: Decisions of the Veterans Administration are subject to review in the context of a constitutional challenge to veterans benefits legislation and when the Veterans Administration interprets a statute that is not within its exclusive jurisdiction. *Traynor v. United States,* — U.S. —, 108 S.Ct. 1372, 1378–80, 99 L.Ed.2d 618 (1988). Inferior courts have recognized a third exception that is relevant in this case: The findings of fact and conclusions of law of the Veterans Administration are subject to review by the courts when they form the predicate for a claim of affirmative relief by the government. *De Magno v. United States,* 636 F.2d 714, 725 (D.C.Cir.1980); *Perry v. United States,* 527 F.2d 629, 635–36 n. 5 (Ct.Cl.1975) (dicta); *Disilvestro v. United States,* 405 F.2d 150, 155 (2nd Cir.1968); *United States v. Walls,* 633 F.Supp. 720, 722 (S.D.W.Va.1986); *United States v. Brandon,* 584 F.Supp. 803, 804–05 (W.D.N.C.1984); *Colorado v. Veterans Administration,* 430 F.Supp. 551, 557 (D.Colo.1977) (action to recover against a third party, not the recipient of benefits), *affirmed on other grounds,* 602 F.2d 926 (10th Cir.1979), *cert. denied,* 444 U.S. 1014, 100 S.Ct. 663, 62 L.Ed.2d 643 (1980). *Contra United States v. Mroch,* 88 F.2d 888, 890 (6th Cir.1937); *United States v. Ramsey,* 539 F.Supp. 1062, 1064 (E.D.Tenn.1982) (relying solely on *Mroch* ).

The government argues here that the Supreme Court's recent opinion in *Traynor* impliedly eliminates this exception because it lists only two exceptions to section 211(a). *See Traynor,* 108 S.Ct. at 1378–80. *Traynor* cannot be read so narrowly. Rather, it supports our review of the Veterans Administration's ruling in this case. The Court in *Traynor* reiterates " 'the strong presumption that Congress intends judicial review of administrative action.' " *Id.* at 1378, quoting *Bowen v. Michigan Academy of Family Physicians,* 476 U.S. 667, 670, 106 S.Ct. 2133, 2135, 90 L.Ed.2d 623 (1986). *Traynor* narrowly limits the application of section 211(a) to "review only of those decisions of law or fact that arise in the *administration* by the Veterans' Administration of a *statute* providing benefits for veterans." *Id.* 108 S.Ct. at 1379 (emphasis in original), quoting *Johnson v. Robison,* 415 U.S. 361, 367, 94 S.Ct. 1160, 1166, 39 L.Ed.2d 389 (1974). The Court suggests that section 211(a) is to be read in light of its purposes:

(1) to insure that veterans' benefits claims will not burden the courts and the Veterans' Administration with expensive and time-consuming litigation, and (2) to insure that the technical and complex determinations and applications of Veterans' Administration policy connected with veterans' benefits decisions will be adequately and uniformly made....

*Id.,* quoting *Johnson,* 415 U.S. at 370, 94 S.Ct. at 1167. Like review of the constitutionality of the veterans administration legislation and review of the Veterans Admin-

istration's interpretation of other statutes, judicial review of a Veterans Administration ruling which forms the basis of an affirmative claim for relief will not frustrate these congressional purposes. "Section 211 was designed to prevent judicial review when questions of providing benefits to veterans and others were at issue. Congress was not concerned [with], and most likely did not even consider, attempts by the government to obtain affirmative relief against third parties." *Colorado v. Veterans Administration*, 430 F.Supp. at 557 (citations omitted).

Furthermore, barring review of a Veterans Administration ruling that forms the basis of an affirmative claim for relief would raise serious constitutional problems. Such a ruling would permit the Veterans Administration "to function as its own independent judge, jury and police force...." *De Magno*, 636 F.2d at 725. The Veterans Administration could determine its entitlement to relief, the form of that relief, and then execute its own ruling. Such an interpretation "runs into substantial due process problems, and is contrary to the very notion of an ordered government of checks and balances; we would not lightly conclude that Congress intended to grant the VA such power." *Id.*

The government would distinguish *De Magno* and the other cases which create this exception by noting that each of the cases cited above involved an action brought by the Veterans Administration to recover funds improperly paid. In this case, the government asserts it merely seeks to set-off the benefits it is required to pay according to the Veterans Administration ruling against the sum the government is required to pay under the district court's judgment. This is a distinction without a difference. On the one hand, the government is seeking to recover money it need not have paid. On the other hand, it seeks to avoid paying money the law requires it to pay. In either case, the government seeks to deny to a citizen a property right. In today's case, that right is the value of Freda Greenwood's money judgment. In *De Magno*, it was money in the possession of the citizen. The result is the same.

The only remaining question is whether the Veterans Administration correctly decided that Colonel Greenwood died as a result of his service-related disability and that therefore death benefits to his widow were to be paid pursuant to section 410(a).

### V.

■ It is readily apparent from the district court's opinion that Colonel Greenwood did not die from a service-connected heart disease. While that disease may have necessitated the surgery, he died because a negligent member of the staff of the Audie Murphy Veterans Administration Hospital cut his heart and aorta open with a saw. Death benefits to his widow were therefore properly payable under section 410(b)(1), not section 410(a). There is no question from the record that the requirements of section 410(b)(1) are met in this case.

### VI.

Based on the foregoing, we affirm the judgment of the district court, albeit for different reasons. The Veterans Administration benefits currently being received by Freda Greenwood are subject to 38 U.S.C. § 410(b)(2). The Veterans Administration is authorized to pursue its remedies under that provision. The judgment of the district court is

AFFIRMED.