**UNITED STATES of America,
Appellant,**

v.

**Robert L. BRANDON, Appellee.**

**No. 85–1313.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 7, 1985.
Decided Jan. 24, 1986.

**1052**

Al J. Daniel, Jr. (Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Charles R. Brewer, U.S. Atty., Asheville, N.C., William Kanter, Civ. Div., Appellate Staff, Dept. of Justice, Washington, D.C., on brief) for appellant.

Edward G. Connette (Jane Harper; Harper, Connette & Stovall, Charlotte, N.C., on brief) for appellee.

Before RUSSELL and PHILLIPS, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.

PER CURIAM:

The United States, plaintiff/appellant, appeals from the district court's judgment in favor of Robert L. Brandon, defendant/appellee, denying plaintiff the right to recover benefits previously paid to defendant, 601 F.Supp. 795. In the spring and summer of 1979 and the fall of 1980 defendant attended Central Piedmont Community College and received living expenses from the United States through the Veterans' Administration Educational Assistance Program. Of the nine courses that defendant pursued during that period, however, he passed only three, and the United States has sued for the return of an equal portion of Brandon's living expenses as an overpayment under 38 U.S.C. § 1780(a)(4).[1] Holding that section 1780(a)(4) is prospective only and that it does not provide a right of recovery, the district court denied recovery by the United States from Brandon.[2] Having denied recovery, the district court did not reach the due process issues of whether plaintiff properly informed Brandon that he needed to pass his courses to retain his benefits or that he might establish mitigating circumstances under 38 U.S.C. § 3102(a).

Section 1780(a)(4) provides that no payment shall be made to veterans for courses for which the grade received does not count toward graduation. Because the United States must make these payments in advance of or at least during the courses to which they apply, however, this section would be almost meaningless unless it allowed the United States a right of recovery. Furthermore, reading section 1780(a)(4) to be only prospective would mean that it could not achieve its Congressional purpose of ensuring that benefits are paid only to those veterans who are seriously pursuing a course of education. See S.Rep. No. 1243, 94th Cong., 2d Sess. 47, reprinted in 1976 U.S.Code Cong. & Ad.News 5241, 5269. Therefore, we conclude that section 1780(a)(4) provides the United States a right of recovery against veterans who receive benefits and then fail to earn grades which count toward graduation.

Although the United States can now recover against Brandon under section 1780, Brandon argues that such a recovery would violate his right to due process because the United States never notified him that failing to pass his courses could result in an overpayment or that he might establish mitigating circumstances under 38 U.S.C. § 3102(a) (1979). Brandon's notice that failing his classes could result in liability, however, is contained in 38 U.S.C. § 1780(a)(4) which Congress enacted in 1976. Furthermore, although Brandon may not have had actual knowledge of section 1780's requirements, it is difficult to believe that he is surprised that the United States seeks a return of the payments that supported his unsatisfactory academic work. Similarly, with regard to establishing mitigating circumstances the

1. 38 U.S.C. § 1780(a) states that, ... "No amount [of educational assistance] shall be paid —... (4) to any eligible veteran or person for a course for which the grade assigned is not used in computing the requirements for graduation including a course from which the student withdraws unless the Administrator finds there are mitigating circumstances; ...."

2. The opinion of the district court is reported, United States v. Brandon, 584 F.Supp. 803 (W.D. N.C.1984).

United States twice informed Brandon that he had incurred overpayments and that he could seek a waiver. Brandon has never sought a waiver, however, and section 3102(a)'s two-year limitation on establishing a waiver has expired. We conclude, therefore, that Brandon's due process rights will not be violated by the United States' recovery of its overpayments under 38 U.S.C. § 1780(a)(4). Accordingly, the judgment of the district court is

REVERSED.