**UNITED STATES of America, Plaintiff,**

v.

**Jerry J. WALLS, Defendant.**

Civ. A. No. 2:85–1308.

United States District Court,
S.D. West Virginia,
Charleston Division.

May 2, 1986.

Sarah G. Sullivan, Asst. U.S. Atty., Charleston, W.Va., for plaintiff.

Jerry J. Walls, pro se.

## MEMORANDUM OPINION
## AND ORDER

HADEN, Chief Judge.

This is an action by the United States for recovery of an overpayment in veteran's benefits. Pending before the Court is its motion for summary judgment. By Order dated April 14, 1986, the Court notified the *pro se* Defendant of the nature of the United States' motion and advised him to file any appropriate materials in opposition. *See Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975). The Defendant has not responded.

The Defendant is a veteran of the armed services. In May of 1978 he applied to the Veterans Administration for pension benefits. He did not report that he was then receiving workers compensation benefits. In November of that year, the Defendant was informed of an award of nonservice-connected pension benefits. He was advised by the Veterans Administration (VA) that the amount of his benefits was based upon his reported income. He was further advised that the total amount and source of all income received should be reported and that the VA would compute the amount that did not count. He again failed to report the workers compensation payments.

The VA has calculated the amount of the overpayment to be $2,207.19 plus interest.[1] The Defendant claims the genesis of this overpayment lies in his reliance upon the advice of a VA representative. He claims that representative told him that he did not have to report the workers compensation benefits. The United States' position is that regardless of any representation which may have been made, the Defendant was advised in writing at a later point in time of his obligation to report *all* income.

The United States points out that the recovery of any veterans benefit may be waived if recovery of the indebtedness from the payee who received the benefits would be against equity and good conscience. 38 U.S.C. § 3102; *see also* 38 C.F.R. 1.963(a). This provision would appear to supply the Defendant with his only chance for success. Perhaps with an eye to equity, he argues that his reliance upon the advice of the VA representative constitutes grounds for a waiver. This argu-

---

1. The VA was not notified of the workers compensation benefits until December, 1979. Thus, the overpayment is for the years 1978 and 1979.

ment was presented to the Board of Veterans Appeals. The Board pointed out that waiver of the indebtedness was not available, however, where one of the following elements is found to exist: (1) fraud or misrepresentation of a material fact, (2) material fault, or (3) lack of good faith. 38 U.S.C. § 3102(c).

The Board of Veterans Appeals found, in a decision dated March 10, 1982, that the Defendant was materially at fault and that a waiver of recovery of the overpayment was not warranted. The United States made a demand for payment, but such was to no avail. Thus, it brought this action to reduce the overpayment to judgment.

■ The Defendant, by his answer or otherwise, has not raised factual or legal issues different from those presented to the Board of Veterans Appeals. The applicable statutory law, 38 U.S.C. § 211(a), provides as follows:

"[T]he decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans ... shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise."

The United States correctly notes that this bar of finality has not been applied where the constitutionality of the statutes or the VA's authority to promulgate regulations has been challenged.[2] *Evergreen State College v. Cleland*, 621 F.2d 1002 (9th Cir. 1980); *Jackson v. Congress of United States*, 558 F.Supp. 1288 (S.D.N.Y.1983); *Ryan v. Cleland*, 531 F.Supp. 724 (E.D.N.Y.1982). In arguing that the above cases represent the only exception to the rule of finality, the United States overlooks another line of cases.

A district court from this Circuit recently held that

"[t]o allow the VA to make a unilateral determination that a debt is owed, and

then, under the guise of 38 U.S.C. § 211(a), to shield that determination from review, 'would make the courts but rubber stamps for administrative action ... serving no function but to render judgments preliminary to the issuance of execution thereon.'"

*U.S. v. Brandon*, 584 F.Supp. 803, 804 (W.D.N.C.1984), *reversed on other grounds*, 781 F.2d 1051 (4th Cir.1986) (*quoting U.S. v. Owens*, 147 F.Supp. 309, 313 (E.D.Ark.1957)). The holding in *Brandon* is consistent with the thrust of Judge Wald's decision in *DeMagno v. U.S.*, 636 F.2d 714 (D.C.Cir.1980).

"Not only would this theory, in effect, allow the VA to function as its own independent judge, jury and police force, determining first whether it has been the victim of a fraud and then setting out to remedy its own damages free of judicial interference, but carried to its logical conclusion, this interpretation of the statute would permit the VA to enlist the coercive power of the courts to enforce a money judgment against an individual without the basis of the VA's claim ever being subject to judicial scrutiny."

*Id.* at 725. *See also DiSilvestro v. U.S.*, 405 F.2d 150 (2d Cir.1968).

The United States having initiated this action, the Court reasons that it cannot use the statute as both a shield and a sword. Thus, this Court joins the *Brandon* court in holding that 38 U.S.C. § 211(a) does not preclude a court from independently examining the merits of this type of controversy.

■ Turning to the merits of the instant controversy, the Court concludes that the United States is entitled to summary judgment in its favor, not because of absolute deference to the administrative ruling, but because of this Court's review of the undisputed facts. The Defendant admits that he did not report all of his income when applying for the benefits. The inclusion of the extra income resulted in an administrative determination of overpayment. The Defendant offers no evi-

2. The Defendant does not make any constitu-tional arguments.

dence to suggest that this determination was improper. Moreover, the Defendant has not rebutted the arguments of the United States that he was materially at fault in causing the overpayment. Finally, any representations made by a VA representative does not estop the United States from recovering the overpayment. *Urban Data Systems, Inc. v. U.S.*, 699 F.2d 1147 (Fed.Cir.1983); *Federal Deposit Ins. Corp. v. U.S.*, 527 F.Supp. 942 (S.D.W.Va.1981) (Government not estopped by mistake of agents from recovering illegally paid sums).

For the foregoing reasons, the Court grants the motion of the Plaintiff, the United States, and will enter judgment in its favor and against the Defendant, Jerry J. Walls. There being no genuine issue of material fact, the Defendant's request for a hearing would serve no purpose. The same is hereby denied.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record and to the *pro se* Defendant.