**STATE OF NEW YORK, Plaintiff,**

v.

**Carmen EADARSO and Theresa Eadarso, Defendant.**

**Carmen EADARSO, Third–Party Plaintiff,**

v.

**DEPARTMENT OF VETERAN AFFAIRS, Third–Party Defendant.**

No. CV 96–3053(ADS).

United States District Court, E.D. New York.

Nov. 22, 1996.

Helfer Helfer & Kardisch L.L.P., Bellmore, New York by Josh Kardisch, for Third–Party Plaintiff.

Zachary W. Carter, United States Attorney, Eastern District of New York, Brooklyn, New York by Paul Kaufman, Assistant United States Attorney, for Third–Party Defendant.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

The third-party defendant, the Department of Veterans Affairs ("VA" or the "third-party defendant"), moves the Court to dismiss the third-party complaint of the third-party plaintiff Carmen Eadarso ("Eadarso" or the "third-party plaintiff") for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1). The VA submits this motion to dismiss on the ground that the Court's review of the VA's determination not to award benefits to Eadarso is expressly precluded by the provisions of 38 U.S.C. § 511(a).

## I. *BACKGROUND*

On or about July 30, 1992, Eadarso was taken to the Veterans' Administration Hospital in Northport, New York after suffering a heart attack. According to the third-party plaintiff, the Veterans Administration Hospital did not have the equipment necessary to treat him. Thus, he was transferred on July 31, 1992 to Stony Brook Medical Center ("Stony Brook"), where he was admitted and received medical treatment through August 6, 1992.

According to the VA, Eadarso incurred hospital expenses and costs totaling $13,-126.73 during his stay at Stony Brook and $11,354.04 remains outstanding. On March 8, 1996, the State of New York, on behalf of Stony Brook, commenced an action against Eadarso and his wife, Theresa, seeking to recover the unpaid portion of his hospital bill. Subsequently, on April 23, 1996, Eadarso filed this third-party action seeking reimbursement from the VA for whatever amount, if any, that the State of New York recovers from him in this action. Eadarso contends that because he is a veteran, the VA should pay the balance of his bill. As of the commencement of this action, neither Eadarso nor the VA has paid the outstanding amount to Stony Brook.

## II. *DISCUSSION*

### 1. *Motion to dismiss for lack of subject matter jurisdiction*

According to the Second Circuit, "[i]n determining whether the federal courts have subject matter jurisdiction over a cause of action, a district court must look to the way the complaint is drawn to see if it claims a right to recover under the laws of the United States." *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1055 (2d Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994) (quoting *Goldman v. Gallant Sec., Inc.*, 878 F.2d 71, 73 (2d Cir.1989)).

### 2. *38 U.S.C. § 511(a)*

Section 511 of Title 38 provides:

(a) The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.... Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

(b) The second sentence of subsection (a) does not apply to—

(1) matters subject to section 502 of this title;

(2) matters covered by section 1975 and 1984 of this title;

(3) matters arising under chapter 37 of this title; and

(4) matter covered by chapter 72 of this title.

38 U.S.C. § 511(a) (1991).

The four exceptions to the non-review clause enumerated in subsection (b) permit judicial review in the following situations: (1) by the Court of Appeals for the Federal Circuit as to alleged violations of FOIA, §§ 552(a)(1) and 553 in accordance with 38 U.S.C. § 502; (2) in cases involving life insurance benefits under 38 U.S.C. §§ 1975, 1984; (3) in cases involving housing and small business loans under 38 U.S.C. §§ 3701–3751; and (4) by the Court of Veterans Appeals under 38 U.S.C. § 7252(a) (Supp. III 1991), but only in cases where a veteran filed a notice of disagreement with the decision of the VA with the Board of Veteran Appeals, on or after November 18, 1988. *Sugrue v. Derwinski,* 808 F.Supp. 946, 949 n. 5 (E.D.N.Y.1992), *aff'd,* 26 F.3d 8 (2d Cir.1994).

In *Sugrue v. Derwinski,* 26 F.3d 8 (2d Cir.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 2245, 132 L.Ed.2d 254 (1995), the Second Circuit stated that District Judge Glasser was correct in his interpretation of section 511(a), noting that the "language [of the statute] prevented the district court from exercising subject matter jurisdiction over [the plaintiff's] claims against the VA." *Sugrue,* 26 F.3d at 11. "Section 511(a) is designed to (1) ensure that benefits claims will not burden the courts and the VA with litigation, and (2) promote the adequacy and uniformity of complex veterans' benefits decisions." *Sugrue,* 26 F.3d at 11 (citing *Johnson v. Robison,* 415 U.S. 361, 369–70, 94 S.Ct. 1160, 1166–67, 39 L.Ed.2d 389 (1974)).

In *Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974), the Supreme Court "distinguished between suits challenging the constitutionality of the statutes underlying the veterans' programs to which section 511(a) does not apply (over which courts thus have jurisdiction), and actions of the VA under those statutes in determining qualification for benefits, to which section 511(a) does apply (over which courts therefore lack jurisdiction)." *Sugrue,* 26 F.3d at 11 (quoting *Johnson,* 415 U.S. at 367–74, 94 S.Ct. at 1165–69); *see also Larra-*

*bee v. Derwinski,* 968 F.2d 1497, 1500 (2d Cir.1992). "The *Johnson* Court further explained that '[a] decision of law or fact under a statute is made by the [Secretary] in the interpretation or application of a particular provision of the statute to a particular set of facts." *Johnson,* 415 U.S. at 367, 94 S.Ct. at 1166. It is this type of decision "which is barred from judicial consideration under 38 U.S.C. § 511(a)" *Sugrue,* 808 F.Supp. at 949.

"Thus, under *Johnson,* district courts have jurisdiction over actions involving challenges to the constitutionality of veterans' benefits legislation, but lack jurisdiction to review the application of such legislation to . . . an individual case." *Sugrue,* 808 F.Supp. at 949–50.

### 3. *The government's motion*

#### a. *Judicial review*

■ The VA asserts that Eadarso's claim against it is, in essence, an attempt to have this Court review and reverse the Secretary's decision not to pay for his medical treatment at Stony Brook for the period between July 31, 1992 and August 6, 1992. The VA contends that this type of judicial review is expressly precluded by 38 U.S.C. § 511(a).

In his opposition papers, Eadarso maintains that under the facts of this case, section 511(a) is not applicable. He relies on *Marceliana De Magno v. United States,* 636 F.2d 714 (D.C.Cir.1980), *DiSilvestro v. United States,* 405 F.2d 150 (2d Cir.1968), *United States v. Brandon,* 584 F.Supp. 803 (W.D.N.C.1984), and *United States v. Walls,* 633 F.Supp. 720 (S.D.W.Va.1986) to support his contention that 38 U.S.C. § 511(a) does not prevent the District Court from independently examining the merits of this type of controversy. He contends that without judicial review, "the VA would function as its own independent judge, jury, and police force," free from all Article III interference.

It is the Court's view that Eadarso's reliance on cases such as *De Magno v. United States, DiSilvestro v. United States, United States v. Brandon,* and *United States v. Walls* is misplaced. Those cases are clearly distinguishable because in each of those matters the VA took affirmative action against an individual as opposed to an individual

seeking review of a VA's decision. In *De Magno*, the court noted that "when the VA takes affirmative action against an individual whether by bringing on an asserted claim or by proceeding on its common-law right of set-off, the validity of the underlying basis of the action becomes open to judicial scrutiny." *De Magno v. United States*, 636 F.2d 714, 727 (D.C.Cir.1980). In *DiSilvestro*, the court articulated that "where the Government seeks a set-off or other affirmative relief, it cannot rely on the no review clause of section 511(a) to support its own claims." *DiSilvestro v. United States*, 405 F.2d 150, 155 (2d Cir.1968). Further, in *Brandon*, the Court stated that section 511(a) does not apply where the United States is suing a veteran for an overpayment of benefits. *Brandon*, 584 F.Supp. 803, 804; *see also United States v. Walls*, 633 F.Supp. 720, 722 (S.D.W.Va. 1986) (noting that "the United States having initiated th[e] action cannot use the statute as both a shield and a sword"). Thus, it is the Court's view that the caselaw presented by the third-party plaintiff is not supportive of his contention that the VA's denial of benefits is subject to review.

### b. *Estoppel*

■ In addition, the third-party plaintiff contends that the VA should be "estopped from making a unilateral and highly prejudicial determination and enlisting the coercive power of the courts to act without ever being subject to judicial scrutiny." Eadarso's estoppel claim stems from his position that the government has always extended benefits to him in the past and now they are arbitrarily and capriciously denying him benefits without the opportunity for an independent judicial review.

Eadarso maintains that the doctrine of estoppel " 'properly concern[s] itself with elemental fairness to the private citizen dealing with his government' and 'should be applied where justice and fair play requires it' ... and 'where the public's interest would not be unduly damaged by its imposition.'" The third-party plaintiff asserts that he reasonably relied upon the government's authorization and payment for prior treatment at a non-VA facility, namely Stony Brook, and

thus, the third-party defendant should be estopped from proffering its "no review" argument.

On the other hand, the VA contends that Eadarso has not presented any authority in support of his argument that by alleging an estoppel, a plaintiff can circumvent § 511's "no review" congressional mandate. The Court agrees.

As the third-party defendant points out, *Brandon* and *De Magno*, both cited by Eadarso in support of his estoppel argument, are distinguishable from this case because those cases involve situations in which the VA took "affirmative action" against a veteran, a significantly different factual scenario than the instant case where the VA did not initiate the action. Further, neither of those actions involve issues related to estoppel. The other cases cited by Eadarso in support of his estoppel argument, *United States v. California*, 403 F.Supp. 874 (E.D.Cal.1975), *aff'd*, 558 F.2d 1347 (9th Cir.), *cert. granted*, 434 U.S. 984, 98 S.Ct. 608, 54 L.Ed.2d 477 (1977), *rev'd*, 438 U.S. 645, 98 S.Ct. 2985, 57 L.Ed.2d 1018 (1978), *United States v. Ruby, Co.*, 588 F.2d 697 (9th Cir.1978), and *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476 (D.C.Cir.1984) do not involve section 511(a), and are therefore irrelevant. Thus, the third-party plaintiff's estoppel claim must also fail.

### c. *Due process*

■ Further, according to Eadarso, because the federal government has always authorized and paid for his cardiac treatment at Stony Brook, the present interpretation of 38 U.S.C. § 511 raises a substantial question as to the statute's constitutionality under the Due Process Clause of the Fifth Amendment of the United States Constitution, as applied to the present facts.

On the other hand, the VA maintains that Eadarso's attempt to fashion his denial of benefits as a deprivation of his constitutional rights, does not grant this Court jurisdiction to review the case. The VA states that the constitutional challenge made by the third-party plaintiff is made in conclusory terms, unsupported by any type of relevant authority, and admittedly challenges the statute as

applied to the facts of this case, not as drafted. The Court agrees.

In the Court's view, even though Eadarso's claims against the VA challenging the denial of benefits invoke "provisions of the 5th amendment and are styled in part as a constitutional action, district courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms." *Sugrue,* 26 F.3d at 11; *see also Pappanikoloaou v. Administrator of Veterans Administration,* 762 F.2d 8, 9 (2d Cir.) (per curiam) ("one may not circumvent § 511(a) by seeking damages on a constitutional claim arising out of a denial of benefits"), *cert. denied,* 474 U.S. 851, 106 S.Ct. 150, 88 L.Ed.2d 124 (1985); *Larrabee v. Derwinski,* 968 F.2d 1497, 1500 (2d Cir.1992) (§ 511(a) "precludes judicial review of non facial constitutional claims"). Moreover, Eadarso concedes in his opposition papers, that his constitutional claim against the statute is "as applied to the present facts," and not a facial challenge to the statute. Therefore, the third-party plaintiff's constitutionally draped claim must also fail.

#### d. *Arbitrary and capricious standard*

■ Eadarso also argues that because the VA's decision is allegedly arbitrary and capricious, it is not final and conclusive, and is, therefore, subject to review. Eadarso cites *De Misch v. Administrator of Veteran's Affairs,* 303 F.Supp. 1153 (D.D.C.1969), *Silberschein v. United States,* 266 U.S. 221, 45 S.Ct. 69, 69 L.Ed. 256 (1924), *Hines v. Starnes,* 26 F.2d 997 (D.C.Cir.1928), and *Bowling v. Hines,* 50 F.2d 330 (D.C.Cir.1931) in support of his position.

The caselaw advanced by Eadarso in support of his contention were decided prior to the 1970 amendment to section 511(a). The 1970 pre-amendment section 211(a) (now section 511(a)) provided:

The decisions of the Administrator on any question of law or fact concerning a *claim* for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power to review any such decision.

The word "claim" in the older version of the statute, according to the Court in *Johnson,* was subjected to a "tortured construction" and lead to the judicial review of any action that might be taken once the original application was adjudicated and benefits granted. *Johnson v. Robison,* 415 U.S. 361, 371, 94 S.Ct. 1160, 1167–68, 39 L.Ed.2d 389 (1974) (citing H.R.Rep. No. 91–1166, at 10 (1970)).

The pre–1970 decisions set forth by the third-party plaintiff held that judicial review of actions by the Administrator of the VA subsequent to an original grant of benefits was not barred because those Courts interpreted the word "claim" in the statute to relate only to an original claim or application for benefits initiated by a veteran. According to those decisions, the definition of the word "claim" did not include any subsequent action brought by a veteran after the initial claim was adjudicated and benefits granted. *Johnson,* 415 U.S. at 371, 94 S.Ct. at 1167–68. However, the amendment in 1970 eliminated the word "claim" from the statute because "Congress perceived this judicial interpretation as a threat to the dual purpose of the 'no review' clause." *Id.* at 371, 94 S.Ct. at 1168. Congress enacted the amendment in order "to overrule the interpretation ... and thereby restore vitality to the two primary purposes to be served by the no-review clause:" *Id.* at 373, 94 S.Ct. at 1168, (1) to insure that veterans' benefits claims will not burden the courts and the Veterans' Administration with expensive and time-consuming litigation, and (2) to insure that the technical and complex determinations and applications of the Veterans' Administration policy connected with veterans' benefits decisions will be adequately, and equally importantly, uniformly made. *Id.* at 370, 94 S.Ct. at 1167. Absent relevant caselaw to support the third-party plaintiff's contention that arbitrary and capricious decisions by the VA are reviewable, that argument is rejected.

At oral argument, following the Court's decision from the bench, the parties stipulated to remand this case to the Supreme Court, County of Suffolk.

## III. *CONCLUSION*

After reviewing the papers submitted by both parties, hearing oral argument, and for the reasons set forth in the record, it is hereby,

**ORDERED,** that the third-party defendant's motion to dismiss the third-party complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), is granted; and it is further

**ORDERED,** that this case shall be remanded to the Supreme Court, County of Suffolk.

**SO ORDERED.**