George **PAPPANIKOLOAOU**,
Plaintiff-Appellant,

v.

**ADMINISTRATOR OF the VETERANS ADMINISTRATION**,
Defendant-Appellee.

**No. 880, Docket 84–6315.**

United States Court of Appeals,
Second Circuit.

Submitted March 28, 1985.

Decided May 6, 1985.

George Pappanikoloaou, pro se.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Miles M. Tepper, Winstanley F. Luke, Asst. U.S. Attys., Brooklyn, N.Y., for defendant-appellee.

Before FEINBERG, Chief Judge, OAKES and WINTER, Circuit Judges.

PER CURIAM.

George Pappanikoloaou appeals from the dismissal of his *pro se* complaint against the Administrator of the Veterans Administration ("V.A."). We hold that Judge Bramwell's dismissal was proper.

Appellant's complaint arises out of various unsuccessful claims he has filed with the V.A. seeking disability benefits. Read liberally, the complaint seeks damages for a variety of alleged wrongs. To the extent it seeks the benefits which have been claimed and denied, it fails to state a valid claim for relief. An applicant for benefits may not challenge the V.A.'s disposition of his claim, because the Administrator's decisions of law or fact concerning the administration of benefits are not subject to judicial review. 38 U.S.C. § 211(a) (1982).

To the extent the complaint seeks damages for the V.A.'s denial of due process in handling his claim, we agree with those circuits that have held that one may not circumvent § 211(a) by seeking damages on a constitutional claim arising out of a denial of benefits. *See Anderson v. Veterans Administration,* 559 F.2d 935 (5th Cir.1977) (per curiam); *Ross v. United States,* 462 F.2d 618 (9th Cir.) (per curiam), *cert. denied,* 409 U.S. 984, 93 S.Ct. 326, 34 L.Ed.2d 249 (1972); *Milliken v. Gleason,* 332 F.2d 122 (1st Cir.1964) (per curiam), *cert. denied,* 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703 (1965).

To the extent the complaint seeks damages for emotional distress resulting from the V.A.'s negligence or recklessness, it fails to state a valid claim under New York law. *See Garland v. Herrin,* 724 F.2d 16, 19 (2d Cir.1983).

Affirmed.