899 F.2d 1221
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas E. CURTIS, Plaintiff-Appellant,
v.
UNITED STATES of America, Department of Defense, Department
of the Army, Veteran's Administration, Raymond
Vogel, Chief, Benefits Dir., Defendants-Appellees.
 No. 89-3661.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1990.
 
 Before NATHANIEL R. JONES, KRUPANSKY and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 This pro se plaintiff appeals the district court's judgment dismissing his complaint for failure to state a claim. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, injunctive and declaratory relief, Douglas E. Curtis filed his complaint against the United States, the Department of Defense, the Department of the Army and the Veterans Administration. Alleging that defendants wrongfully denied him veterans' education benefits, he claimed that the legislation on which the Veterans Administration relied in denying benefits, Public Law 94-502, is unconstitutional. He further claimed that by denying benefits, defendants breached his enlistment contract.
 
 
 3
 Upon review, we conclude that dismissal was proper because it appears beyond doubt that Curtis can prove no set of facts showing that he is entitled to the relief he seeks. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988).
 
 
 4
 Curtis is barred by statute from seeking relief in a judicial forum. See 38 U.S.C. Sec. 211(a); Pappanikoloaou v. Administrator of Veterans Admin., 762 F.2d 8, 9 (2d Cir.) (per curiam), cert. denied, 474 U.S. 851 (1985). While the statute does not prevent the court from addressing constitutional claims, see Johnson v. Robison, 415 U.S. 361 (1974), Curtis may not circumvent the statute by alleging a constitutional deprivation where, as here, he seeks benefits. See Pappanikoloaou, 762 F.2d at 9.
 
 
 5
 Similarly, Sec. 211 bars Curtis's attempts to receive benefits as "damages" for alleged breach of his enlistment contract. Alternatively, Curtis failed to state a claim for breach of his enlistment contract. See United States v. Larionoff, 431 U.S. 864, 869 (1977); Jablon v. United States, 657 F.2d 1064, 1066 (9th Cir.1981).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.