John E. DONOVAN, Plaintiff,

v.

Hershel W. GOBER, Secretary of
Veterans Affairs, Defendant.

No. 97–CV–021A(H).

United States District Court,
W.D. New York.

March 2, 1998.

John E. Donovan, Cheektowaga, NY, pro se.

Denise E. O'Donnell, U.S. Attorney, (Jane B. Wolfe, Asst. U.S. Atty., of counsel), Buffalo, NY, for Government.

## ORDER

ARCARA, District Judge.

This case was referred to Magistrate Judge Carol E. Heckman pursuant to 28 U.S.C. § 636(b)(1), on July 28, 1997. On July 21, 1997, defendant filed a motion to dismiss. On January 12, 1998, Magistrate Judge Carol E. Heckman filed a Report and Recommendation, recommending that defendant's motion to dismiss be granted.

Plaintiff filed objections to the Report and Recommendation on January 29, 1998. The defendant filed a response to the objections on February 23, 1998.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review of the Report and Recommendation, and after reviewing the submissions the Court adopts the proposed findings of the Report and Recommendation.

Accordingly, for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, defendant's motion to dismiss is granted.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION AND ORDER

HECKMAN, United States Magistrate Judge.

This matter was referred to the undersigned by the Hon. Richard J. Arcara, to hear and report on dispositive motions in accordance with 28 U.S.C. § 636(b). Plaintiffs claims arise out of a determination by

the Secretary of Veterans Affairs [1] (the VA) that plaintiff is liable to indemnify the VA based upon the VA's payment on plaintiffs guaranteed housing loan. The government has moved to dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal rules of Civil Procedure. For the following reasons, it is recommended that the government's motion be granted.

## BACKGROUND

In March of 1979, plaintiff refinanced his townhouse located in Washington, D.C. To do so, he obtained a home mortgage loan in the amount of $70,000, guaranteed in part by the VA (Item 8, Ex. C, p. 3).

In June 1985, the mortgage holder reported to the VA that the mortgage was four months in arrears, and then followed up in August 1985 with a notice of intention to foreclose (Id. at pp. 5–7). Plaintiff requested that a deed in lieu of foreclosure be accepted by the VA. His request was denied as not being in the best interest of the government (Id.). Plaintiff was sent correspondence informing him of the foreclosure sale and his potential liability resulting therefrom (Id.).

Subsequent to the sale, and after all applicable adjustments, the VA issued plaintiff a notice of indebtedness in the amount of $6,849.56 from the foreclosure deficiency (Id. at 8). According to plaintiff, he was not notified of either the denial of his request for a deed in lieu of foreclosure or the subsequent debt (Item 13, pp. 2–3). The government asserts that the VA Debt Management Center (VADMC) wrote to plaintiff regarding his debt, but that its efforts were hampered by the fact that plaintiff had relocated in November 1985 without providing the VA with a forwarding address (Item 8, Ex. C, p. 8).

On November 27, 1991, the VA sent a notice to plaintiffs employer, the Federal Aviation Administration, requesting an offset of his federal salary (Id.). An offset of $204.61 was deducted from plaintiffs salary every two weeks from December 27, 1991 through December 30, 1992 (Id. at p. 9). At

that time, the offset was suspended pending the outcome of plaintiffs appeal from a decision of the VA Regional Office in Buffalo, New York, to the Board of Veterans' Appeals (BVA), which was commenced in February 1992 (Id. at pp. 1, 2, 9). The issues raised on appeal involved the VA's decision to deny acceptance of a deed in lieu of foreclosure, the validity of the loan guaranty indebtedness, the procedures employed in initiating debt collection, alleged withholding of records, alleged violations of plaintiffs privacy rights, and entitlement to monetary damages. In December 1993, the VA refunded to plaintiff the full amount of the salary offset collected, pending resolution of his appeal (Id., Ex. D, ¶ 5).

The BVA issued its decision on May 12, 1995, finding that: (1) it did not have jurisdiction over plaintiff's due process claims with respect to the salary offset, as well as his claims regarding the alleged withholding of documents, the alleged violation of his privacy rights, and entitlement to monetary damages, (2) the VA's decision whether to accept a deed in lieu of foreclosure was not subject to review, (3) the home loan guarantee indebtedness charges were validly established, and (4) the amount of the debt was properly computed (Id., Ex. C, pp. 9–13). On May 26, 1995, plaintiff appealed this decision to the United States Court of Veterans Appeals (CVA) where the matter is still pending (Id., Ex. C).

Plaintiff commenced the present action on January 13, 1997. His complaint is based on the same facts and circumstances which are the subject of his pending appeal before the CVA. Plaintiff now advances substantially the same claims he presented to the BVA regarding alleged due process violations, Freedom of Information Act violations and Privacy Act violations, and adds claims for damage to his reputation and emotional distress (Item 1).

On July 21, 1997, the government moved to dismiss on the grounds that: (1) this court lacks subject matter jurisdiction, (2) plaintiff fails to state a claim upon which relief can be granted, and (3) plaintiff failed to commence

---

1. Jesse Brown, the named defendant in this case, resigned as Secretary of Veterans Affairs effective July 1, 1997. Hershel W. Gober is automatically substituted pursuant to Fed.R.Civ.P. 25(d)(1).

this action within the applicable statute of limitations periods.

## *DISCUSSION*

### I. JURISDICTION.

The government characterizes plaintiffs claim as a challenge to a benefit determination, and argues that Section 511 of Title 38 precludes review of such claims in federal district court. In response, plaintiff asserts that the present action is based on the violation of his constitutional rights, that the BVA lacks jurisdiction over constitutional claims, and that this court is his only avenue of relief.

I·agree with the government's conclusion that this court lacks jurisdiction, but·not for. the reasons set forth in the Secretary's memorandum. The government's argument is summarized as follows. ·

Historically, section 511 of Title 38 of the United States Code[2] has precluded judicial review of veteran's benefits determinations. Thus, the Secretary's decision as to any question of law and fact necessary to such a decision was final. In 1988, however, Congress passed the Veterans' Judicial Review Act, which established the Court of Veterans Appeals. Veterans' Judicial Review Act— Veterans' Benefits Improvement Act of 1988, Pub.L. No. 100–697, § 402, 102 Stat. ·4105, 4122.· This Article I court is vested with exclusive jurisdiction to review·decisions of the Board of Veterans' Appeals, and is therefore the only avenue of judicial review available to plaintiff. 38 U.S.C. § 7252.

██ The government does recognize that federal district courts have jurisdiction to consider challenges to the constitutionality of the statutes underlying the veterans programs. *Johnson v. Robison,* 415 U.S. 361,.94 S.Ct. 1160, 39 L.Ed.2d 389 (1974); *Sugrue v. Derwinski,* 26 F.3d 8, 11 (2d Cir.1994), *cert. denied,* 515 U.S. 1102, 115 S.Ct. 2245, 132 L.Ed.2d 254 (1995). It argues, however, that because plaintiffs claim does not challenge the constitutionality of any statute, but rath-

er the VA's actions in handling his particular claim, jurisdiction is.lacking.

The flaw in this argument is apparent upon a plain reading § 511, for the government has failed to take into account the nature of plaintiffs claims. Section 511 of Title 38 of the United States Code provides as follows:

(a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

(b) The second sentence of subsection (a) does not apply to—

(1) matters subject to section 502 of this title;

(2) matters covered· by sections 1975 and 1984 of this title;

(3) matters arising under chapter 37 of this title; and

(4) matters covered by chapter 72 of this title.

38 U.S.C. § 511 (1991). Thus, while § 511(a) sets forth the general rule that the Secretary's decisions under laws affecting veterans' benefits are not reviewable, several exceptions are specified in subsection (b). The first exception, section 502, relates to judicial review of rules and regulations to which reference is made by 5 U.S.C. § 552(a)(1) or 553. Sections 1975 and 1984 relate to civil actions regarding life insurance.[3] Chapter 37 relates to housing and small business loans. Chapter 72 relates to the Court of Veterans Appeals' exclusive jurisdiction to review decisions of the BVA.

██ The government does not dispute that this claim arises under the home loan pro-

---

2. Section 511 was formerly numbered section 211, and is referred to as section 211 in many of the cases cited herein. The language of the two provisions is virtually identical.

3. Section 1984(a) grants exclusive jurisdiction over veterans' life insurance claim disputes to the United States district courts.

gram. It is clear on the face of the statute, then, that plaintiffs claims are excepted from the ban on judicial review contained in Section 511(a). Indeed, Chapter 37 itself provides that:

(a) Notwithstanding the provisions of any other law, with respect to matters arising by reason of this chapter, the Secretary may—

(1) sue and be sued in the Secretary's official capacity in any court of competent jurisdiction, State or Federal....

38 U.S.C. § 3720 (1991).

■ It is equally clear, however, that because plaintiff has already received a determination from the BVA, this action is a matter "covered by chapter 72 of this title" and falls within the fourth exception as well. 38 U.S.C. §§ 511(b)(4) and 7252. Chapter 72 provides, in relevant part, that:

The Court of Veterans Appeals shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals. The Secretary may not seek review of any such decision. The Court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate.

38 U.S.C. § 7252(a).

A determination as to whether this court has jurisdiction, therefore, is dependant upon the interaction of § 3720, which allows the Secretary to be sued in a federal court of competent jurisdiction with respect to home loan matters, and § 7252, which confers exclusive jurisdiction on the CVA to review BVA decisions. Neither party has addressed the issue of which statute takes precedence here, nor even made mention of § 3720. Upon reviewing the statutes and the legislative history regarding judicial review, I find that this court lacks jurisdiction over plaintiffs claims.

■ Under § 3720, a district court may consider a claim under the home loan program, but only after determining that it has jurisdiction over the particular claim presented. *Western Securities Co. v. Derwinski,* 937 F.2d 1276, 1280 (7th Cir.1991); *Smith v. Derwinski,* 1 Vet.App. 267, 274 (1991). It is

sufficient for purposes of this discussion to assume that federal jurisdiction exists.

In addition to creating a judicial remedy specifically applicable to Chapter 37, Congress has also established a general administrative remedy with respect to laws affecting the provision of veterans' benefits. A plaintiff can appeal an adverse determination of the Secretary to the BVA. Under 38 U.S.C. § 7104 (1991), the BVA has the jurisdiction and the obligation to review decisions made by the Secretary under § 511(a).

■ Based on these statutory provisions, it is clear that Congress has created a system whereby a plaintiff who is dissatisfied with a VA determination under the home loan program has two possible courses of action. Assuming that jurisdiction exists with respect to the claims raised, the plaintiff can bring suit in district court or an appropriate state court. In the alternative, he can appeal the VA's determination to the BVA. *Smith, supra,* 1 Vet.App. at 274; *Young v. Derwinski,* 1 Vet.App. 70, 72 (1990) (drawing same conclusion with respect to VA determination on an insurance claim).

As has already been established, the CVA has exclusive jurisdiction to review decisions of the BVA. 38 U.S.C. § 7252. Although the word "exclusive" should be definitive here, the Explanatory Statement of the Compromise Agreement on H.R.901 as Amended, the "Veterans Benefit Amendments of 1989," clarifies any doubt as to Congress' intent with respect to judicial review, regardless of the nature of the claim. 135 Cong.Rec. S16475–76 (daily ed. Nov. 20, 1989). In discussing a proposed modification to § 7252, the House and Senate Committees on Veterans' Affairs stated:

Current law: Section [3720] provides that the Secretary may sue or be sued "in any court of competent jurisdiction, State or Federal," with respect to "matters arising by reason of [chapter 37]," relating to the Department's home loan guaranty program. However, under section [7252(a)] of title 38, the United States court of Veterans Appeals has exclusive jurisdiction to review decisions of the Board of Veterans' Appeals (BVA).

Compromise agreement: No provision.

The committees note that the effect of the Judicial Review Act is that once the BVA has rendered a decision on a claim—including claims relating to ... home loan matters—the claimant may not obtain review of that decision in a court other than the Court of Veterans Appeals. However, it is the committees' understanding that under current law, prior to a final decision by the BVA in [a] ... home loan case, a claimant would be able to withdraw the case from the BVA and pursue the claim in a U.S. district court.

■ In the present case, plaintiff argues that he is not attempting to seek review of the BVA's decision, but that he is initiating a distinct claim based on the alleged deprivation of his property (salary) without due process. It is important to note, however, that plaintiff raised the same due process claims with the BVA, and also on appeal to the CVA. Exclusive jurisdiction now rests with the CVA to review the BVA's findings and conclusions with respect to those claims.[4] That is the case despite plaintiff's attempts to reframe his original challenge to the validity of the debt as a distinct constitutional action. *See Sugrue, supra,* 26 F.3d at 11; *Pappanikoloaou v. Adm'r of Veterans Admin.,* 762 F.2d 8, 9 (2d Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 150, 88 L.Ed.2d 124 (1985).

As the Second Circuit stated in *Sugrue:*

Although [plaintiff's] complaints invoke provisions of the Fifth Amendment and are styled in part as constitutional actions, the courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms. Similarly, neither the Privacy Act nor FOIA may be used as a rhetorical cover to attack VA benefits determinations.

26 F.3d at 11. In both *Sugrue* and *Pappanikoloaou,* the no judicial review provision of § 511(a) applied. I find, however, that the reasoning set forth in those cases should apply equally to actions where a plaintiff is, in fact, entitled to judicial review through the exclusive jurisdiction provisions of §§ 511(b)(4) and 7252. Once the BVA has made a final determination, a plaintiff should not be allowed to circumvent the exclusive jurisdiction of the CVA by seeking damages on a constitutional claim arising out of a dispute involving laws affecting veterans benefits. *Pappanikoloaou, supra,* 762 F.2d at 9.

In addition to his attempt to distinguish his due process claims, plaintiff also objects to the fact that the CVA cannot provide a remedy in damages. *See Wells v. Brown,* 9 Vet.App. 293, 300 (1996) ("this Court does not have the authority to award money damages"); *Masors v. Derwinski,* 2 Vet.App. 181 (1992). Congress has clearly chosen not to provide a damage remedy for claims that arise under § 511(a) and are appealed to the BVA. Other meaningful remedies are available, however, including waiver of the underlying debt. "Any action to provide a judicial response by way of [a damage] remedy would be plainly inconsistent with Congress' authority in this field." *Schweiker v. Chilicky,* 487 U.S. 412, 422, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) (citing *Chappell v. Wallace,* 462 U.S. 296, 304, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983)).

In sum, plaintiff has elected the remedies available to him through the Board of Veterans Appeals and the Court of Veterans Appeals, and has therefore waived any right he might have had to a determination by an Article III court. *See Smith v. Derwinski,* 1 Vet.App. 267, 272, 274–75 (1991) (citing *Thomas v. Union Carbide Agricultural Prod. Co.,* 473 U.S. 568, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985); *Commodity Futures Trading Comm'n v. Schor,* 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986)).

Accordingly, this action should be dismissed for lack of subject matter jurisdiction.

---

4. Plaintiff stated at oral argument that, while the CVA could consider the validity of the debt owed, it could not consider his fifth amendment claim because of the BVA's determination that it lacked jurisdiction I first note that the CVA has the authority to review all claims raised with the BVA, which includes review of the BVA's determination regarding the extent of its jurisdiction. Furthermore, in a recent decision, *Wells v. Brown,* 9 Vet.App. 293 (1996), the CVA specifically addressed a claim that the VA's failure to notify had deprived the plaintiff of a property right without due process.

## II. SOVEREIGN IMMUNITY.

The government argues that no remedy exists in district court against either individual VA employees or the agency itself.

■ With respect to individual employees, this court notes that plaintiff's claim is against the Secretary of Veterans Affairs in his official capacity. While this action is nominally against the Secretary, such suits are considered to be against the government itself. *Loeffler v. Frank*, 486 U.S. 549, 562 n. 8, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988); *General Railway Signal Co. v. Corcoran*, 921 F.2d 700, 704–05 (7th Cir.1991). Thus, the only question that need be considered is whether plaintiff can state a claim against the VA. The government, relying on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), claims that he cannot.

*Bivens* held that where an individual's constitutional rights are violated by a federal agent, the victim has a right to recovery in federal court, even in the absence of a statute conferring such a right. *Carlson v. Green*, 446 U.S. 14, 18, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). In *Bivens* actions, jurisdictional limitations allow a plaintiff to sue only the government officials responsible for the violation, and not the federal agency where they are employed. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (*Bivens* does not imply cause of action against the federal government or its agencies); *Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir.1991); *Mack v. United States*, 814 F.2d 120, 122–23 (2d Cir.1987) (*Bivens* actions against the United States are routinely dismissed for lack of subject matter jurisdic-

tion) (citing *Keene v. United States*, 700 F.2d 836, 845 n. 13 (2d Cir.), *cert. denied*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983)). The government argues that jurisdiction is therefore lacking on this basis as well.

■ The government's reliance on *Bivens* is misplaced, for it has failed to consider whether the VA has waived its sovereign immunity. In fact, the "sue or be sued" clause of § 3720 operates as a waiver of sovereign immunity with respect to home loan claims, permitting a suit to go forward notwithstanding that it is against a federal agency. *See Western Securities Co., supra*, 937 F.2d at 1279–80; *Anderson v. Transamerica Specialty Ins. Co.*, 804 F.Supp. 903, 906 (S.D.Tex.1992).

Accordingly, the government's argument on this ground must be rejected.

## III. STATUTE OF LIMITATIONS.

Construing plaintiff's complaint broadly, plaintiff may allege claims under the Federal Tort Claims Act (FTCA) for loss of property, defamation and infliction of emotional distress, the Privacy Act, and the Freedom of Information Act (FOIA). The government asserts that in addition to the grounds set forth above, an independent basis for dismissal exists with respect to all but plaintiff's FOIA claim.

In response to the government's motion, plaintiff objected only to the government's argument that his FTCA claim for loss of property is time barred.

### A. Federal Tort Claims Act (FTCA).

The FTCA includes both a grant of jurisdiction to the federal courts [5] and a waiver of sovereign immunity.[6] A plaintiff seeking to

---

**5.** Title 28 U.S.C. § 1346(b) provides:

Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within

the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

**6.** Title 28 U.S.C. § 2674 provides, in pertinent part:

The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like cir-

bring a tort action against the United States, however, must file a claim with the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b); 28 U.S.C. § 2675(a); see also Adams by Adams v. U.S. Dep't of Housing & Urban Dev., 807 F.2d 318, 320 (2d Cir.1986). An action may be instituted in district court after a final written denial by the agency, or after six months from filing the administrative claim if the agency has not made a final disposition. 28 U.S.C. § 2675(a).

In the present case, plaintiff asserts that a Notice of Claim was filed with the VA by letter dated December 14, 1995. The letter states that plaintiff was giving notice "prior to the end of two years following VA's refund ... of moneys improperly withheld from [plaintiff]" (Item 11). This action was filed after the agency failed to make a final disposition with respect to plaintiff's claims.

### 1. Loss of Property.

Plaintiff claims that the VA deprived him of his property right (his right to his salary) without due process of law in violation of the fifth amendment.

The government argues that plaintiff's claim is grounded in conversion, that his claim accrued at the time of each alleged conversion (i.e., salary offset), that the last alleged conversion took place on December 30, 1992, and that to be timely, plaintiff's administrative claim should have been filed on or before December 30, 1994 (item 15, p. 5).

At oral argument, plaintiff contended that his claim is grounded in trespass, that his claim accrued anew each day that his money was wrongfully withheld, that his funds were not returned until December 15, 1993, and that his claim is therefore timely.

There is no need to resolve this dispute, because plaintiff's claim is not cognizable under § 1346(b). To be actionable under § 1346(b), a claim must allege that the United States "would be liable to the claimant" as a private person "in accordance with the law of the place where the act or omission occurred." The Supreme Court has consistently held that § 1346(b)'s reference to the "law of the place" means that one must look to the law of the state where the act or omission occurred as the source of substantive liability. F.D.I.C. v. Meyer, 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (citations omitted). Federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right. Id. Therefore, § 1346(b) does not provide a cause of action for plaintiff's claim.

Accordingly, there is no need to reach the statute of limitations issue, and plaintiff's claim for deprivation of property should be dismissed.

### 2. Defamation.

Plaintiff further alleges that he has sustained damage to his reputation with his em and to his credit record as a result of the VA's debt collection procedures.

Under the FTCA, the government has waived immunity from suit for claims of property damage or personal injuries caused by the negligent or wrongful act or omission of its employees. 28 U.S.C. § 1346(b). However, § 2680(h) of the FTCA, known as the intentional tort exception, excludes from this limited waiver of sovereign immunity any claim "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process. libel, slander, misrepresentation, deceit, or interference with contract rights." See Guccione v. United States, 847 F.2d 1031 (2d Cir.1988), cert. denied, 493 U.S. 1020, 110 S.Ct. 719, 107 L.Ed.2d 739 (1990).

The United States has not waived its sovereign immunity with respect to plaintiff's defamation claims. Accordingly the government's motion to dismiss should be granted.

### 3. Infliction of Emotional Distress.

Plaintiff also alleges that he suffered mental and emotional distress because of the VA's actions. Although plaintiff is not specific as to the time frame, his distress apparently began with the first salary offset in December 1991 and continued at least

cumstances, but shall not be liable for interest

prior to judgment or for punitive damages.

through 1993, when the wages were returned.

 The general rule for accrual of an FTCA claim is that "accrual occurs at the time that the injury or harm is inflicted." *Hyatt v.. United States,* 1994 WL 48834, *2 (S.D.N.Y. Feb.14, 1994) (citing *Guccione v. United States,* 670 F.Supp. 527, 535 (S.D.N.Y.1987), *cert. denied,* 493 U.S. 1020, 110 S.Ct. 719, 107 L.Ed.2d 739 (1990)). Here, plaintiff's salary offset was commenced in December 1991, and plaintiff appealed the validity of the indebtedness to the BVA in February 1992. Thus, by no later than February 1992, plaintiff knew of the VA's claim regarding his alleged indebtedness. He also knew that, subject to his appeal, the salary offset would continue until the debt was satisfied. Plaintiff's administrative claim was filed over two years later, on December 14, 1995.

This filing was outside the two year statutory period set forth by the FTCA. Accordingly, plaintiff's claim for infliction of emotional distress should be dismissed.

**B. Privacy Act.**

 Plaintiff alleges that his rights under the Privacy Act, 5 U.S.C. § 552a, were violated when the VA notified national credit reporting agencies of plaintiff's delinquency "without due process." Plaintiff claims that this violation commenced in December 1991 and continued through 1993.

Section 552a(g)(5) provides that an action to enforce any liability created by the Privacy Act must be commenced "within two years from the date on which the cause of action arises." The present suit was commenced on January 13, 1997, more than five years after the accrual date identified by plaintiff.

Plaintiff's claims under the Privacy Act are time barred. Accordingly, the government's motion to dismiss should be granted.

**IV. REQUEST TO AMEND COMPLAINT.**

In his responding papers (Items 11 & 12), plaintiff requests the opportunity to amend his complaint should this court recommend that the action be dismissed. Plaintiff has not made a motion for the relief requested, nor has he submitted a proposed amended complaint.

 Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." This court's recommendation that the action be dismissed is based upon the district court's lack of jurisdiction over the claims presented. Plaintiff has not stated, nor can this court foresee, how an amended complaint would overcome the jurisdictional defects present here.

Accordingly, it would be futile for plaintiff to amend his complaint, and his request is therefore denied.

### *CONCLUSION*

For the reasons stated above, it is recommended that the government's motion to dismiss (**Item 8**) be granted, and the action dismissed in its entirety for lack of jurisdiction. Plaintiff's request to amend his complaint (**Items 11 & 12**) is DENIED.

**SO ORDERED.**

Jan. 12, 1998.