**Reginald A. FAHIE, Plaintiff,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Defendant.**

**No. 98 Civ. 7884(JSR).**

United States District Court, S.D. New York.

Feb. 9, 1999.

jurisdiction. No objections having been filed, and the parties for that reason having waived their right to further appellate review, *see United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992), the Court hereby adopts the Report and Recommendation and dismisses plaintiff's amended complaint without leave to amend. Clerk to enter judgment.

SO ORDERED.

## *REPORT AND RECOMMENDATION*

PECK, United States Magistrate Judge.

Plaintiff pro se Reginald A. Fahie is a disabled veteran, and frequent litigant,[1] who in this action challenges his award of only partial, and not full, disability benefits from the Department of Veteran's Affairs ("VA"). For the reasons set forth below, I recommend that the Court dismiss plaintiff's amended complaint for lack of subject matter jurisdiction, without leave to further amend.

## *FACTS*

Plaintiff's original complaint was brought pro se under the Americans with Disabilities Act. (Docket No. 1.) Mr. Fahie conceded at a conference before the Court that he never was employed by the VA, and that his complaint relates to the VA's determination of veteran's disability benefits. (12/22/98 Conf. Tr. at 6.) The Court accordingly dismissed the complaint (on a Report and Recommendation basis) but gave plaintiff Fahie 30 days to file an amended complaint if he wished. (12/22/98 Conf. Tr. at 6–7, 14–19.) Counsel for the Government, and the Court, also explained to plaintiff Fahie that any judicial review of the VA's decision on benefits, once administrative remedies were exhausted, would lie only in the Federal Circuit, and

Reginald A. Fahie, New York City, pro se.

Lisa R. Zornberg, Asst. U.S. Attorney, New York City, for defendant.

## *ORDER*

RAKOFF, District Judge.

On January 6, 1999, the Honorable Andrew J. Peck, United States Magistrate Judge, issued a Report and Recommendation in the above-captioned matter, recommending that plaintiff's amended complaint be dismissed, without leave to further amend, for lack of subject matter

---

1. Plaintiff Fahie's other actions in this Court are 98 Civ. 7471, 98 Civ. 7047, 89 Civ. 3350, 88 Civ. 5016 and 86 Civ. 0182.

that this Court lacked jurisdiction over any such claim. (12/22/98 Tr. at 3–4, 14, 18–19.)

On December 31, 1998, Mr. Fahie filed a "motion to amend the complaint," dropping his ADA claim and asserting a claim under 38 U.S.C. § 312. (Proposed Am.Cplt. ¶ 2.)

### *ANALYSIS*

■ Even assuming plaintiff Fahie has exhausted his administrative remedies, judicial review of VA benefit determinations lies in the Court of Appeals for the Federal Circuit, and *not* in this Court. 38 U.S.C. § 511(a), 38 U.S.C. § 7292(c). Section 511(a) provides that:

> The Secretary shall decide all questions of law and fact.... [T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

*See also, e.g., Sugrue v. Derwinski,* 26 F.3d 8, 11 (2d Cir.1994), *cert. denied,* 515 U.S. 1102, 115 S.Ct. 2245, 132 L.Ed.2d 254 (1995); *Larrabee v. Derwinski,* 968 F.2d 1497, 1499–502 (2d Cir.1992); *Pappanikoloaou v. Administrator of Veterans Admin.,* 762 F.2d 8, 9 (2d Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 150, 88 L.Ed.2d 124 (1985).

If plaintiff Fahie is dissatisfied with the VA's decision, he must appeal to the Board of Veterans Appeals within one year of receipt of the VA's letter decision. 38 U.S.C. §§ 7104–05. Plaintiff Fahie's next level of appeal is to the United States Court of Veterans Appeals, which has "exclusive" jurisdiction over decisions made by the Board. 38 U.S.C. § 7252(a). The Court of Appeals for the Federal Circuit may review the claim once the Court of Veterans Appeals has made its decision. 38 U.S.C. § 7292. Therefore, to the extent plaintiff Fahie seeks to increase the amount of monetary benefits he receives from the VA, this Court lacks subject matter jurisdiction to review such a claim.

■ Accordingly, I recommend that the Court dismiss this action for lack of subject matter jurisdiction. Since plaintiff Fahie already was given an opportunity to amend, and the Court cannot perceive that plaintiff Fahie can bring any viable claim in this Court, he should not be granted further leave to amend. *See, e.g., Cohen v. Standard Bank Inv. Corp.,* 97 Civ. 3802, 1998 WL 782024 at *7 (S.D.N.Y. Nov.6, 1998) (denying leave to amend complaint because "This Court has twice considered plaintiff's allegations and twice found them to be insufficient. Defendant has spent considerable resources in attacking two versions of the complaint. It would be patently unfair, both to the defendant and the court to permit plaintiff to amend the complaint again. Therefore, leave to amend is denied."); *Benzo v. New York State Div. of Human Rights,* 95 Civ. 5362, 1997 WL 37961 at *4 (S.D.N.Y. Jan.31, 1997) (dismissing complaint without leave to appeal since "Courts are free to dismiss a Complaint without leave to amend if a pro se plaintiff fails to satisfy Rule 8(a) after leave to replead has previously been granted; otherwise, litigation could continue indefinitely without ever emerging from the pleading stage") (citing *Prezzi v. Schelter,* 469 F.2d 691, 692 (2d Cir.1972), *cert. denied,* 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 (1973)), *aff'd mem.,* 141 F.3d 1151 (2d Cir.1998).

### *CONCLUSION*

For the reasons set forth above, I recommend that the Court dismiss the action for lack of subject matter jurisdiction, without leave to further amend.

### *FILING OF OBJECTIONS TO THIS REPORT AND RECOMMEN-DATION*

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to

objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 750, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL—CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

January 6, 1999.